UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CAROL A. RANDALL,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF SOUTH DAKOTA, FEDERAL GOVERNMENT, RON MILLS, OLIVER RED CLOUD, PAT JANIS, DORIS GOINGS, VERONICA JANIS GARNIER, and BASIL LOUD HAWK,<br><br>    Defendants. | Civil No. 12-136 (ADM/TNL)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. BACKGROUND**

Plaintiff is attempting to sue the State of South Dakota, the "Federal Government," and six individuals who allegedly live in South Dakota. According to Plaintiff's complaint, the various Defendants have participated in "a watch" that allows them to see and hear all of Plaintiff's life. The complaint does not explain how the "watch" actually works, but Plaintiff seems to believe that Defendants are using some form of electronic device to remotely and surreptitiously monitor all aspects of her life. The exhibits attached to the complaint indicate that Plaintiff believes Defendants

are constantly watching her, even in her bathroom and when she engages in sexual activities. Plaintiff, however, has not attempted to explain just how (or why) Defendants allegedly are watching her all the time.

Plaintiff is asking the Court to "find out who is responsible for this watch and end it." (Complaint, [Docket No. 1], p. 4, "Request for Relief.")

**II. DISCUSSION**

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

A pleading is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The Supreme Court has held that federal courts, acting sua sponte, should not dismiss an action commenced by an IFP applicant if the facts alleged in the applicant's pleading are merely "unlikely." Denton, 504 U.S. at 33. An IFP action, however, can properly be dismissed, sua sponte, if the plaintiff's allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In this case, Plaintiff alleges that Defendants are watching her life from a distance by some unexplained means. The Court finds that these allegations "rise to the level of the irrational," and that Plaintiff's complaint is therefore legally "frivolous." Viewing the complaint in its entirety, Plaintiff's current lawsuit is grounded on delusions. Therefore, the Court recommends that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(i).

**III.   RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis (Docket No. 2) be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).


Dated: January  30 , 2012

                                              s/ Tony N. Leung
                                              TONY N. LEUNG
                                              United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **February 14, 2012**.  A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.