UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carol A. Randall,

        Plaintiff,

v.

State of South Dakota, Federal Government,
Ron Mills, Oliver Red Cloud, Pat Janis,
Doris Goings, Veronica Janis Garnier, Basil
Loud Hawk,

        Defendants.

**ORDER**
Civil No. 12-136 ADM/TNL

---

Carol A. Randall, pro se.

---

      This matter is before the undersigned United States District Judge for consideration of Plaintiff Carol A. Randall's Objections [Docket No. 5] to Magistrate Judge Tony N. Leung's January 30, 2012 Report and Recommendation ("R&R") [Docket No. 4]. Judge Leung's R&R recommends denying Plaintiff's Application to Proceed In Forma Pauperis in District Court [Docket No. 2] (the "IFP Application") and summarily dismissing all her claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Based on a de novo review of the record, the R&R is adopted, Randall's Objections are overruled, the IFP Application is denied, and her claims are dismissed.

      An action of a party proceeding in forma pauperis must be dismissed if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Randall alleges that Defendants Ron Mills, Oliver Red Cloud, Pat Janis, Doris Goings, Veronica Janis Garnier, and Basil Loud Hawk (collectively, the "Individual Defendants") are conducting surveillance of her life with equipment provided by Defendants the State of South Dakota

("South Dakota") and "Federal Government" ("United States").  She avers either South Dakota or the United States is providing surveillance equipment because the Individual Defendants could not afford to purchase such equipment without government assistance.  Such allegations are insufficient to raise a plausible inference of state action.  Any civil rights claims asserted by Randall are without basis in fact.  Accordingly, any such claims are dismissed.

Randall's civil rights allegations seek to protect her privacy and presuppose her privacy can only be vindicated by invoking the U.S. Constitution.  As a pro se party, however, Randall is entitled to have her pleadings construed liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Both South Dakota and Minnesota recognize a cause of action for invasion of privacy premised on intrusion upon seclusion.  Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231, 233–34 (Minn. 1998); Montgomery Ward v. Shope, 286 N.W.2d 806, 808 (S.D. 1979).  Construing Randall's allegations liberally, they also suggest she may be attempting to assert causes of actions for slander, assault, intentional infliction of emotional distress, or other torts.  No matter how they are termed, however, Randall's allegations are frivolous.

An application to proceed in forma pauperis is properly denied when allegations are frivolous on their face because they are vague and conclusory.  Green v. White, 616 F.3d 1054, 1055 (8th Cir. 1980).  Randall's allegations are entirely vague and conclusory.  She repeatedly states that she is being watched.  Yet, she claims to know this because she can hear people talking about her while others cannot hear the same.  This discrepancy is never explained.  Furthermore, reading the allegations, it is wholly unclear whether the Individual Defendants actually made the statements she attributes to them or whether she merely hears the statements wholly within her mind.  Allegations that the Individual Defendants have threatened to make her

or her family members "pay" or make "bad things" happen are too vague to evaluate whether such threats are actionable.  Likewise, the allegations that certain Individual Defendants have followed her, while disturbing, lacks any detail from which to evaluate whether a cause of action exists.  Rather, Randall's allegations recite at length what she hears, without explanation why others do not hear the same, and with a particular focus on the salacious.  On their face, her allegations are fanciful, fantastic, or delusional.  Therefore, the allegations are dismissed and the IFP Application is denied.  See Denton v. Hernandez, 504 U.S. 25, 32–33 (1992).

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Randall's Objections [Docket No. 5] are **OVERRULED**;

2. Judge Leung's R&R [Docket No. 4] is **ADOPTED**;

3. The IFP Application [Docket No. 2] is **DENIED**; and

4. All claims in the Complaint [Docket No. 1] are **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 28, 2012.